IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,

    Plaintiff,

vs.                                                     No.:    1:21-cv-00938 PJK/LF

LUIS R. SANCHEZ; and
DOMINIC A. SANCHEZ a.k.a. DOMINIC ANTHONY SANCHEZ a.k.a. DOMINIC ANTHONY LUCERO-SANCHEZ,

    Defendants,

## ORDER OF INTERPLEADER

This matter comes before the Court on the motion of Plaintiff Hartford Life and Accident Insurance Company ("Hartford") filed January 20, 2022. ECF No. 5. Pursuant to Fed. R. Civ. P. 22, Hartford seeks an order

    *i*)     of interpleader requiring Defendants to interplead and requiring Hartford to deposit of the 50% share of the Life Insurance Benefits into the Registry of the Court;

    *ii*)     enjoining the parties from prosecuting any other proceeding against Hartford related to the same subject matter;

    *iii*)     awarding Hartford its reasonable legal fees and costs; and

    *iv*)     for discharge and dismissal of Hartford with prejudice.

The Court, being fully advised in the premises, finds, concludes, and orders as follows:

### I.     FINDINGS OF FACT

1.     Pursuant to Rule 4 of the Federal Rules of Civil Procedure, Hartford has served a copy of its interpleader complaint on all Defendants. *See* ECF Nos. 3 & 4. Neither Defendant has responded to the Complaint, and the time for responding under the Summonses has expired.

2.     This case arises from a homicide occurring on or about December 11, 2018.

3. Defendants Luis R. Sanchez and Dominic A. Sanchez a.k.a. Dominic Anthony Sanchez a.k.a. Dominic Anthony Lucero-Sanchez were sons of Luis D. Sanchez.

4. Luis D. Sanchez is a deceased person ("the Decedent"), who had a Life Insurance Policy ("the Policy") with designated beneficiaries.

5. Decedent named Defendants Luis R. Sanchez (hereinafter "L. Sanchez") and Dominic A. Sanchez a.k.a. Dominic Anthony Sanchez a.k.a. Dominic Anthony Lucero-Sanchez (hereinafter "D. Sanchez") as beneficiaries to the Policy, the benefits of which are the subject of this case.

6. The Decedent was an employee of the City of Albuquerque Water Utility Authority (WUA).

7. The Decedent submitted a "Basic Life Insurance Beneficiary Designation" form dated May 9, 2013 to his employer, WUA, naming "Luis R. Sanchez," his son, as a primary beneficiary for 50% of the life insurance benefits under the Policy and "Dominic A. Sanchez," his son, as a primary beneficiary for 50% of the life insurance benefits under the Policy (hereinafter, the "Life Insurance Benefits"), effective July 1, 2013. *See* ECF No. 5, Ex. B-1. On the same date, Decedent executed a Beneficiary Designation to Hartford, making the same designations. *See* ECF No. 5, Ex. B-2.

8. The total value of the Life Insurance Benefits is Three Hundred Thousand dollars ($300,000.00).

9. A 50% share of the total Life Insurance Benefits amounts to One Hundred Fifty Thousand Dollars ($150,000.00).

10. Upon the Decedent's death, the Life Insurance Benefits became payable under the policy and in accordance with applicable law.

11.   Criminal proceedings against Defendant D. Sanchez were held in the Second Judicial District Court of the State of New Mexico related to the death of the Decedent, in the case styled *State of New Mexico v. Dominic Anthony Lucero-Sanchez*, Case No. D-202-CR-201804331 ("the Criminal Case").

12.   In the Criminal Case, Defendant D. Sanchez was charged in a Grand Jury Indictment with an "Open Count of Murder: First Degree Murder (Willful and Deliberate), Second Degree Murder and Voluntary Manslaughter," which states

> [t]hat on or about December 11, 2018, in Bernalillo County, New Mexico, the above-named defendant [Dominic Anthony Lucero-Sanchez, A.K.A.(s) Dominic Sanchez] did murder Luis Sanchez, with the deliberate intention to take away the life of Luis Sanchez, or any other human being, contrary to Section 30-02-01(A)(1), NMSA 1978 . . . .

*See* ECF No. 5, Ex. C.

13.   On or about July 7, 2021, Defendant D. Sanchez entered into a written plea of guilty to a charge of second degree murder of Decedent.  *See* ECF No. 5, Ex. D.

14.   On or about August 26, 2021, the Court entered a judgment of guilty on the charge of second degree murder of Decedent in accordance with the guilty plea.  *See* ECF No. 5, Ex. E.

## II.   CONCLUSIONS OF LAW

15.   As a result of the Criminal Case and the judgment therein, a legal question arises whether Defendant D. Sanchez may take a 50% share of the Life Insurance Benefits under the New Mexico Slayer Statute, N.M. Stat. Ann. § 45-2-803 (2012).

16.   Under N.M. Stat. Ann. § 45-2-803(B), "[a]n individual who feloniously and intentionally kills the decedent forfeits all benefits pursuant to the provisions of [the New Mexico Probate Code] Chapter 45, Article 2 NMSA 1978 with respect to the decedent's estate, including an intestate share, an omitted spouse's or child's share, a family allowance and a

personal property allowance.  If the decedent died intestate, the decedent's intestate estate passes as if the killer disclaimed the killer's intestate share."

17. Furthermore, under N.M. Stat. Ann. § 45-2-803(C)(1)(a), "[t]he felonious and intentional killing of the decedent . . . revokes any revocable . . . disposition or appointment of property made by the decedent to the killer in a governing instrument," where the phrase "'disposition or appointment of property' includes a transfer of an item of property or any other benefit to a beneficiary designated in a governing instrument," N.M. Stat. Ann. § 45-2-803(A)(1), and the term "'revocable', with respect to a disposition, appointment, provision or nomination, means one under which the decedent, at the time of or immediately before death, was alone empowered, by law or under the governing instrument, to cancel the designation in favor of the killer, whether or not the decedent was then empowered to designate the decedent's own self in place of the decedent's killer and the decedent then had capacity to exercise the power," N.M. Stat. Ann. § 45-2-803(A)(2).

18. Furthermore, under the New Mexico Slayer Statute, "[p]rovisions of a governing instrument executed by the decedent are given effect as if the killer disclaimed all provisions revoked by this section . . . ."  N.M. Stat. Ann. § 45-2-803(E).

19. In addition, the New Mexico Slayer Statute provides that "[a]n acquisition of property or interest by a killer not covered by this section shall be treated in accordance with the principle that a killer cannot profit from the killer's wrong."  N.M. Stat. Ann. § 45-2-803(F).

20. Here, upon information and belief, Decedent at the time of or immediately before death, was alone empowered, by law or under the governing instrument, to cancel the designation in favor of the killer, such that the beneficiary designation of the Life Insurance

4

Benefits in favor of D. Sanchez was "revocable" within the meaning of N.M. Stat. Ann. § 45-2-803(A)(2).

21. Here, the 50% share of Life Insurance Benefits may constitute "a transfer of an item of property or any other benefit to a beneficiary designated in a governing instrument" within the meaning of N.M. Stat. Ann. § 45-2-803(A)(1).

22. To resolve the matter of disbursement of the Life Insurance Benefits, the Court would determine whether, under the New Mexico Slayer Statute, there has been a "felonious and intentional killing of the decedent" within the meaning of N.M. Stat. Ann. § 45-2-803. *See* N.M. Stat. Ann. § 30-2-1(B) ("Whoever commits murder in the second degree is guilty of a second degree felony resulting in the death of a human being."); N.M. Stat. Ann. § 45-2-803(G) ("[A] judgment of conviction establishing criminal accountability for the felonious and intentional killing of the decedent conclusively establishes the convicted individual as the decedent's killer for purposes of this section.").

23. The Policy does not have a provision for treatment of a disclaimer of interest by a beneficiary within the meaning of N.M. Stat. Ann. § 45-2-1106(B)(2).

24. Under N.M. Stat. Ann. § 45-2-1104, if the New Mexico Slayer Statute bars Defendant D. Sanchez from taking a 50% share of the Life Insurance Benefits, then Defendant D. Sanchez's statutory disclaimer of interest under the New Mexico Slayer Statute, N.M. Stat. Ann. § 45-2-803(E), would be treated as if Defendant D. Sanchez died before the "time of distribution," N.M. Stat. Ann. § 45-2-1106(B)(3)(b), statutorily defined as "the time when a disclaimed interest would have taken effect in possession or enjoyment," N.M. Stat. Ann. § 45-2-1106(A)(2).

25. Consequently, if the New Mexico Slayer Statute applies to bar Defendant D. Sanchez from taking a 50% share of the Life Insurance Benefits, L. Sanchez would be deemed the only designated primary beneficiary surviving the employee, such that he would be entitled to payment of the 50% share of the Life Insurance Benefits.

26. If the Court were to determine that the New Mexico Slayer Statute bars Defendant D. Sanchez from taking a 50% share of the Life Insurance Benefits, then the 50% share of the Life Insurance Benefits should be paid to L. Sanchez.

27. On the other hand, if the Court were to determine that the New Mexico Slayer Statute does not bar Defendant D. Sanchez from taking a 50% share of the Life Insurance Benefits, then the 50% share of the Life Insurance Benefits should be paid to Defendant D. Sanchez.

28. As there is no legal issue concerning the 50% designation regarding Defendant L. Sanchez, Hartford has paid a 50% share to Defendant L. Sanchez as directed by Decedent's beneficiary designation.

29. With a 50% share paid to Defendant L. Sanchez, all that remains is the remaining 50% share, which amounts to One Hundred Fifty Thousand Dollars ($150,000.00).

30. As a mere stakeholder, Hartford has no interest in the Life Insurance Benefits except to ensure that the Life Insurance Benefits are paid in accordance with law.

31. By this action, Hartford seeks to avoid double or multiple liability relating to the Life Insurance Benefits.

### III.   ORDER

**WHEREFORE**, The Court ORDERS as follows:

1.      This Court takes full and complete jurisdiction of the 50% share of the Life Insurance Benefits ("Benefits") at issue in this case;

2.      All who have or claim an interest in this action or the Benefits at issue in this case shall interplead in this action within the time now by law allowed for plea and answer;

3.      Hartford shall deposit the Benefits into the Registry of the Court, plus any applicable interest due and owing under the Policy, for disbursement in accordance with the Judgment of this Court;

4.      Hartford shall serve a copy of this Order on the Defendants;

5.      The Court will determine the proper distribution of the Benefits at issue in this case and the Benefits shall subsequently be disbursed in accordance with the Judgment of this Court;

6.      Upon presentation of a certificate showing deposit of the Benefits into the Registry of the Court to the Clerk of the Court and the Court's award of reasonable attorney's fees and costs, Hartford shall be dismissed from this case with prejudice without further order of the Court;

7.      Upon presentation of a certificate showing deposit of the Benefits into the Registry of the Court to the Clerk of the Court and the Court's award of reasonable attorney's fees and costs, Hartford shall be discharged from any further responsibility related to the Benefits at issue in this case, including any liability whatsoever related to Hartford's deposit of funds into the Registry of the Court; and

8.      Hartford will be awarded its reasonable attorney's fees and costs in pursuing this matter, which will be deducted from the Benefits deposited in the Registry of the Court and disbursed, upon the Court's review of an Application for Attorney's

Fees and Costs. The Application should set forth the tasks performed, the time spent as supported by concurrent time records, costs incurred and the like, and contain an affidavit as to reasonable hourly rates. The Application should be filed within 14 days from the date of this order.

Dated: <u>January 25, 2022</u>

<u>/s/ Paul Kelly, Jr.</u>
United States Circuit Judge
Sitting by Designation

Modified by the Court
Submitted by:

**HOLLAND & HART LLP**

<u>/s/ Little V. West</u>
Little V. West
Post Office Box 2208
Santa Fe, New Mexico 87504-2208
Phone (505) 988-4421
Fax (505) 983-6043
*lvwest@hollandhart.com*

**ATTORNEYS FOR PLAINTIFF HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY**

18039528_v1