IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,

    Plaintiff,

vs.                                                            No.:    1:21-cv-00938 PJK/LF

LUIS R. SANCHEZ; and
DOMINIC A. SANCHEZ a.k.a. DOMINIC ANTHONY SANCHEZ a.k.a. DOMINIC ANTHONY LUCERO-SANCHEZ,

    Defendants.

## ORDER DIRECTING CLERK TO ENTER DEFAULT

This matter comes before the Court sua sponte. On consideration thereof, the Clerk will be directed to enter the default of each defendant and mail it to the address where personally served.

On September 23, 2021, Plaintiff Hartford Life and Accident Insurance Company ("Hartford") filed its Complaint in Interpleader concerning a 50% share of life insurance proceeds on the life of Luis D. Sanchez, the father of the defendants. ECF No. 1. The record reflects that an amended summons and complaint were personally served on Defendant Luis R. Sanchez on October 5, 2021, and on incarcerated Defendant Dominic A. Sanchez on November 19, 2021. ECF Nos. 3 & 4. Answers were due on October 26, 2021, and December 10, 2021, respectively. Fed. R. Civ. P. 12(a)(1)(A)(i). No entry of appearance or answer was filed by or on behalf of either defendant.

Subsequently, Hartford moved for an order of interpleader and served the motion by mail on the defendants. ECF No. 6. The court entered its Order of Interpleader on January 25, 2022, and directed Hartford to serve the two defendants. ECF No. 7. The record reflects personal service on defendant Luis R. Sanchez on February 3, 2022, and service on a guard where

defendant Dominic A. Sanchez is incarcerated on February 17, 2022.  ECF Nos. 10 & 11.  The Order of Interpleader stated that: "All who have or claim an interest in this action or the Benefits at issue in this case shall interplead in this action within the time now by law allowed for plea and answer."  ECF No. 7 at 7.

Subsequently, Hartford deposited $153,108.39 into the court registry, and the court has approved awarding attorney's fees ($14,553.00) and costs ($589.91).  ECF No. 12.

As of May 25, 2022, no appearance, answer, cross-claim, or responsive pleading has been filed by either defendant.  Consequently, an entry of default by the Clerk (prior to entry of a default judgment) is appropriate.  See Fed. R. Civ. P. 55(a); Guarantee Co. of N. Am. USA v. Barrera, 908 F. Supp. 2d 39, 42 (D.D.C. 2012).  The Tenth Circuit has observed that "[a] default judgment entered against a claimant in an interpleader action terminates that party's interest in the fund at issue."  State Farm Mut. Auto Ins. Co. v. Wagnon, 992 F.2d 245 (Table), 1992 WL 64883, at *1 (10th Cir. Mar. 30, 1992) (unpublished).

NOW, THEREFORE, IT IS ORDERED that the Clerk shall enter the respective defaults of Defendant Luis R. Sanchez and Defendant Dominic A. Sanchez and serve them by mail.

Dated:  May 25, 2022

                                        /s/ Paul Kelly, Jr.
                                        United States Circuit Judge
                                        Sitting by Designation