IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY,

    Plaintiff,

vs.

LUIS R. SANCHEZ; and
DOMINIC A. SANCHEZ a.k.a.
DOMINIC ANTHONY SANCHEZ a.k.a.
DOMINIC ANTHONY LUCERO-
SANCHEZ,

    Defendants.

No. 1:21-cv-00938-PJK-LF

## ORDER OF DISTRIBUTION OF BENEFITS

THIS MATTER came on for consideration of the distribution of Life Insurance Benefits interpled with the court and in accordance with the Order of Interpleader filed January 25, 2022 (ECF No. 7, at 7) ("The Court will determine the proper distribution of the Benefits at issue in this case and the Benefits shall subsequently be disbursed in accordance with the Judgment of this Court.").  Upon consideration thereof, the court will set aside the Clerk's entry of default as to Defendant Luis R. Sanchez and enter judgment in his favor as the sole claimant to the remaining interpled funds and against Defendant Dominic A. Sanchez who has defaulted and in any event is not entitled to take.

**Background and Procedural History**

On September 23, 2021, Plaintiff Hartford Life and Accident Insurance Company ("Hartford") filed a Complaint in Interpleader concerning a 50% share of life insurance proceeds on the life of Luis D. Sanchez, the father of the Defendants. ECF No. 1. On January 20, 2022, Hartford moved for an Order of Interpleader. ECF No. 5. The court's Order of Interpleader found that decedent Luis D. Sanchez named the Defendants as the primary beneficiaries of his $300,000.00 policy. ECF No. 7, at 2; see ECF No. 5-2. It also found that Defendant Dominic A. Sanchez pled guilty to the second-degree murder of the decedent. ECF No. 7, at 3. It stated that from this guilty plea, "a legal question arises whether Defendant D[ominic A.] Sanchez may take a 50% share of the Life Insurance Benefits under the New Mexico Slayer Statute, N.M. Stat. Ann. § 45-2-803 (2012)." Id.

The Order of Interpleader also stated that "Hartford shall be dismissed from this case with prejudice" upon a certificate of deposit of the Life Insurance Benefits into the Court Registry and the award of attorney's fees and costs. Id. at 7. Subsequently, Hartford deposited $153,108.39 into the Court Registry and filed a certificate of deposit. ECF Nos. 12 & 13. Hartford's application for attorney's fees ($14,553.00) and costs ($589.81) was approved. ECF No. 9. Thus, Hartford has been dismissed from this case with prejudice. See ECF No. 7, at 7.

On May 26, 2022, the Clerk entered default against the Defendants. ECF No. 15. The court noticed a status conference for June 29, 2022. ECF No. 16. The morning of the conference, the court received a telephonic inquiry from Hartford's counsel about

attendance. Though Hartford's attendance was not required, the court advised that its award of attorney's fees and costs had not been disbursed pending completion of a form required by the Financial Services unit at the district court. Later, an email was sent to Hartford's counsel with the form and contact information for the Financial Services unit.

At the status conference, Defendant Luis R. Sanchez appeared before the court expressing his interest in the interpled funds. ECF No. 17. Defendant Luis R. Sanchez explained that his "mail situation" was confusing and that by the time he found everything, everything was already processed. Id.

## Discussion

The court will set aside the Clerk's entry of default as to Defendant Luis R. Sanchez. Fed. R. Civ. P. 55(c) (court may set aside for good cause). Defendant Dominic A. Sanchez has defaulted and should not take on that basis alone. See State Farm Mut. Auto. Ins. Co. v. Wagnon, 959 F.2d 245 (10th Cir. Mar. 30, 1992) (unpublished table decision) ("A default judgment entered against a claimant in an interpleader action terminates that party's interest in the fund at issue.").

Additionally, Defendant Luis R. Sanchez is the sole valid claimant to the interpled funds including accrued interest, but less attorney's fees and costs awarded to Hartford. Defendant Dominic A. Sanchez cannot take given the New Mexico Slayer Statute as recited in the Order of Interpleader. See ECF No. 7, at 3–6, ¶¶ 16–25.

Section 45-2-803 of the New Mexico Uniform Probate Code is entitled "Effect of homicide on intestate succession, will, trusts, joint assets, life

3

insurance and beneficiary designations." It states that "[a]n individual who feloniously and intentionally kills the decedent forfeits all benefits . . . with respect to the decedent's estate, including an intestate share . . . . If the decedent died intestate, the decedent's intestate estate passes as if the killer disclaimed the killer's intestate share." N.M. Stat. Ann. § 45-2-803(B) (2012).

Section 45-2-803 further states that "[t]he felonious and intentional killing of the decedent[] revokes any revocable[] disposition or appointment of property made by the decedent to the killer in a governing instrument." Id. § 45-2-803(C)(1)(a). In that case, "[p]rovisions of a governing instrument executed by a decedent are given effect as if the killer disclaimed all provisions revoked by this section . . . ." Id. § 45-2-803(E). Because the life insurance policy lacks a provision for treatment of a disclaimer, see ECF No. 7, at 5, "the disclaimed interest passes as if the disclaimant had died immediately before the time of distribution." N.M. Stat. Ann. § 45-2-1106(B)(3)(b).

Finally, Section 45-2-803 contains a catch-all provision that "[a]n acquisition of property or interest by a killer not covered by this section shall be treated in accordance with the principle that a killer cannot profit from the killer's wrong." Id. § 45-2-803(F).

The court concludes that there has been a "felonious and intentional killing of the decedent" within the meaning of Section 45-2-803. Dominic A. Sanchez pled guilty to the second-degree murder of decedent Luis D. Sanchez, and a

4

judgment of conviction and sentence was entered.[1]  ECF No. 7, at 3; ECF No. 5-6.  Second-degree murder is a felonious and intentional killing under New Mexico law.  See N.M. Stat. Ann. § 30-2-1; State v. Marquez, 376 P.3d 815, 821 (N.M. 2016); see also Restatement (Third) of Property: Wills and Other Donative Transfers § 8.4(f) (Am. L. Inst. 2003).

Here, the life insurance beneficiary designation (for the 50% share of the Life Insurance Benefits) may be viewed as a "revocable . . . disposition or appointment of property made by the decedent to the killer in a governing instrument."  N.M. Stat. Ann. § 45-2-803(C)(1)(a).  As such, it would constitute "transfer of . . . [a] benefit to a beneficiary designated in a governing instrument."  Id. § 45-2-803(A)(1); see ECF No. 5-2.  The life insurance beneficiary designation was "revocable" as the decedent "at the time of or immediately before death, was alone empowered, by . . . the governing instrument, to cancel the designation in favor of the killer."  N.M. Stat. Ann. § 45-2-803(A)(2).  Thus, the beneficiary designation would be revoked, and Defendant Dominic A. Sanchez would be deemed to have disclaimed the revoked provisions.  See id. §§ 45-2-803(C)(1)(a), 45-2-803(E).

---

[1] "[A] judgment of conviction establishing criminal accountability for the felonious and intentional killing of the decedent conclusively establishes the convicted individual as the decedent's killer for purposes of this section."  N.M. Stat. Ann. § 45-2-803(G).

5

The court concludes that Luis R. Sanchez is deemed the only designated primary beneficiary surviving his father[2] and is entitled to payment of the 50% share of the Life Insurance Benefits and accrued interest, but less attorney's fees and costs awarded to Hartford.[3]

NOW, THEREFORE, IT IS ORDERED that:

1) The Clerk's Entry of Default (ECF No. 15) as to Defendant Luis R. Sanchez is set aside.

2) Defendant Dominic A. Sanchez shall take nothing in this action and has no right, title, or interest in the remaining interpled funds.

3) Defendant Luis R. Sanchez is the sole claimant to the interpled funds including accrued interest, but less attorney's fees and costs awarded to Hartford.

4) A judgment will be entered accordingly.

DATED this 6th day of July 2022, at Santa Fe, New Mexico.

/s/ Paul Kelly, Jr.
United States Circuit Judge
Sitting by Designation

---

[2] The Life Insurance Beneficiary Designation states that "[i]f more than one primary beneficiary is named, the death benefit . . . will be paid in equal shares to the primary designated beneficiaries who survive the employee." ECF No. 5-2.

[3] On March 25, 2022, Hartford deposited $153,108.39 in the Court Registry. Less $14,553.00 in attorney's fees and $589.81 in costs, Mr. Luis R. Sanchez will take $137,965.58 plus any accrued interest.